UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JAMES MICHEAL SCOTT**                                                      **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:12CV-P5-R**

**DR. CHARLES TOWNSEND et al.**                                       **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, James Micheal Scott, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff states that he is a state prisoner incarcerated at the Crittenden County Detention Center (CCDC). He sues in their individual and official capacities Dr. Charles Townsend, a doctor at the CCDC; CCDC Nurse Lindsey; and the Commissioner of the Kentucky Department of Corrections (KDOC). He alleges that the CCDC medical staff does not show any interest in inmates' health. He states that he is in need of blood work that has not been provided to him since his incarceration at CCDC six months ago, is in desperate need of an EKG, and needs attention for Hepatitis C. He also states that he has recently noticed numbness in both arms, "possibly signs of stroke or heart attack." He alleges that sick call is not handled by doctors or nurses and the only way to see a nurse is to pay a $10.00 medical fee. He alleges that he is currently taking Loratadine, hydrochlorathiazide, and Lisinopril and that a person with those conditions must have monthly check ups. As relief, he asks for monetary damages and a transfer to a medical facility.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims against the Kentucky Department of Corrections Commissioner***

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42 (1988).  The Kentucky Department of Corrections is a state agency of the Commonwealth of Kentucky and as such is not a "person[]" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity.  *Id.*  Therefore, suit against Defendant Commissioner of the Kentucky Department of Corrections in her official capacity is tantamount to a suit against the

Commonwealth itself. Thus, Plaintiff has failed to allege cognizable claims under § 1983 against Defendant Commissioner. Moreover, the Commonwealth is immune from monetary damages under the Eleventh Amendment. *See id.*

Because Plaintiff fails to state a claim upon which relief could be granted and because he seeks monetary relief from a Defendant who is immune from such relief, the Court will dismiss the official-capacity claims for monetary damages against the KDOC Commissioner.

***Official-capacity claims against Defendants Townsend and Lindsey***

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Therefore, in the case at bar, Plaintiff's official-capacity claims against Defendants Townsend and Lindsey, employees of CCDC, are actually claims against Crittenden County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint read liberally identifies a policy or policies causing the alleged constitutional violations. The Court will allow Plaintiff's official-capacity claims against Defendants Townsend and Lindsey to go forward.

### *Individual-capacity claims*

The Court will also allow Plaintiff's individual-capacity claims against Defendants Commissioner of the KDOC, Townsend, and Lindsey to go forward.

## III. CONCLUSION

For the foregoing reasons, the Court will allow Plaintiff's official and individual-capacity claims to go forward against Defendants Townsend and Lindsey and the individual-capacity claim to go forward against Defendant Commissioner. In so doing, the Court passes no judgment on the ultimate merits of Plaintiff's claims. The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Crittenden County Attorney
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009