UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JAMES MICHEAL SCOTT                                                                                    PLAINTIFF

v.                                                                             CIVIL ACTION NO. 5:12CV-P5-R

DR. CHARLES TOWNSEND et al.                                                                DEFENDANTS

### MEMORANDUM OPINION

Plaintiff James Micheal Scott initiated this civil action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current addresses and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On April 25, 2012, the Court received notice from Defendant Townsend that he had mailed a copy of a motion to Plaintiff at his last known address, the Crittenden County Detention Center, but that the motion was returned by the U.S. Postal Service marked "Return to Sender." On May 1, 2012, the Court received notice from Defendant LaDonna Thompson that discovery cannot be completed on schedule because Plaintiff's present address is unknown. On May 15, 2012, the Court sent an Order to Plaintiff to show cause why this action should not be dismissed for failure to keep the Court and Defendants' counsel apprised of his current address. That mailing was returned by the U.S. Postal Service marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward."

Plaintiff has not advised the Court of a change of address, and neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations,

courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecution of this case, the Court will dismiss Plaintiff's claims by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.009